**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

SCOTT RODBOURN,

Plaintiff,

*- against -*

STEUBEN COUNTY,

Defendant.

Civil Action No. 6:25-cv-06264

Hon. Meredith A. Vacca

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

AUBREY D, HETZNECKER, ESQ.
SCHLATHER, STUMBAR, PARKS & SALK, LLP
ATTORNEYS FOR PLAINTIFF
200 East Buffalo Street
Ithaca, New York 14851-0353
Phone: 607-273-2202
Fax: 607-273-4436
aubrey@ithacalaw.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ 2

PRELIMINARY STATEMENT ........ 1

DISCUSSION ........ 1

LEGAL STANDARD ........ 1

RESPONSE TO DEFENDANT'S POINT I PLAINTIFF'S CAUSES OF ACTION ARE TIMELY ........ 2

A. Plaintiff's ADEA and Title VII Claims are Timely ........ 2

B. All New York State Claims are Timely, and the Three-Year Statue of Limitations Period Began on May 31, 2021, not May 19, 2022. ........ 5

C. Plaintiff's State Law Claims are Timely ........ 6

POINT II PLAINTIFF ADEQUATELY PLEADED ALL CAUSES OF ACTION AND THE MOTION TO DISMISS MUST BE DENIED ........ 7

A. Plaintiff adequately stated the ADEA cause of action, including that he was subject to materially adverse employment actions. ........ 7

B. Plaintiff adequately stated a claim for hostile work environment because of his age under the ADEA. ........ 13

C. Plaintiff Adequality States a Retaliation Cause of Action ........ 16

PLAINTIFF ADEQUATELY PLEADED CAUSES OF ACTION ARISING UNDER NEW YORK STATE HUMAN RIGHTS LAW ........ 20

A. Plaintiff adequately pleaded that he was subject to an adverse employment action under NYSHRL ........ 20

B. Plaintiff adequately pleaded that he was subject to a hostile work environment ........ 22

C. Plaintiff adequately pleaded that he was subject to retaliation ........ 23

CONCLUSION ........ 25

# TABLE OF AUTHORITIES

## Cases

*Adams v. Equinox Holdings, Inc.*, 662 F. Supp. 3d 444 (S.D.N.Y. 2023), *aff'd*, No. 23-608, 2024 WL 1787108 (2d Cir. Apr. 25, 2024) ......................14

*Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002) ......................16

*Alford v. NFTA-Metro*, No. 21-CV-737-JLS-LGF, 2025 WL 1885679 (W.D.N.Y. Apr. 11, 2025), *report and recommendation adopted,* No. 21-CV-737 (JLS) (LGF), 2025 WL 1779101 (W.D.N.Y. June 27, 2025) ......................22

*Arazi v. Cohen Bros. Realty Corp.*, No. 1:20-CV-8837-GHW, 2022 WL 912940 (S.D.N.Y. Mar. 28, 2022) ......................23

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................1, 2

*Back v. Hapoalim,* No. 24-1064-CV, 2024 WL 4746263 (2d Cir. Nov. 12, 2024) ..........................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................1, 2

*Brannon v. City of New York*, 2016 WL 270399 (S.D.N.Y. 2016) ......................21

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) ......................17

*Carr v. New York City Transit Auth.*, 76 F.4th 172, 179 (2d Cir. 2023) ..................16, 17

*Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994) ........................3

*Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993) ......................16

*Doheny v Int'l. Bus. Machines, Corp.,* 714 F. Supp. 3d 342 (S.D.N.Y. 2024) ......................11

*Dash v. Bd. of Educ.*, 238 F. Supp. 3d 375 (E.D.N.Y. 2017) ..........................3

*Eisenberg v. New York City Dept. of Education,* No. 24-CV-01661 (HG), 2025 WL 2022093 (E.D.N.Y. July 18, 2025) ......................10

*Espinal v Goord*, 558 F.3d 119 (2d Cir. 2009) ......................19

*Flores v. United States*, 885 F.3d 119 (2d Cir. 2018) ........................3

*Galabya v. N.Y.C. Bd. of Educ.,* 202 F.3d 636 (2d Cir. 2000) ……………..……9

*Garrison v. Am. Sugar Ref., Inc.*, No. 21 CV 10917 (VB), 2022 WL 17850891 (S.D.N.Y. Dec. 22, 2022) …………………..24

*Gordon v. New York City Bd. of Educ.*, 232 F.3d 111 (2d Cir. 2000) ……..……….23, 24

*Gordon-Mallett v. Mount Sinai Hosps. Grp., Inc.*, No. 22-CV-1159 (LJL), 2024 WL 1513910 (S.D.N.Y. Apr. 8, 2024) …………………..24

*Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545 (2d Cir. 2001) …………………..18

*Harris v. City of N.Y.*, 186 F.3d 243 (2d Cir. 1999) ……………….….2

*Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993) …………………..16

*Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) …………………..14

*Hick v. Baines*, 593 F.3d 159 (2d Cir. 2010) …………………..24

*Hodges v. AG of the United States*, 976 F. Supp. 2d 480 (S.D.N.Y. 2013) ……………..……9

*Holmes v. Brentwood Union Free Sch. Dist.*, No. CV-03-1084TCPAKT, 2006 WL 1581434 (E.D.N.Y. May 25, 2006) ………..……….5

*Jones v. Brookhaven Sci. Assocs., LLC*, No. 2:23-CV-04194 (NJC) (ARL), 2024 WL 4145777 (E.D.N.Y. Sept. 10, 2024) …………………..18

*Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007) …………………..14

*Khalil v. State of N.Y.*, 17 Misc. 3d 777 (Sup. Ct. 2007) ……………….….5

*Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412 (S.D.N.Y. 2023) ……………….5, 23

*Lebowitz v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 158 (E.D.N.Y. 2017) …………………..20

*Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259(S.D.N.Y. 2024) …………………..20

*Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2d Cir. 2019) …………………..21

*Leo v. Siemens Med. Sols. USA, Inc.,* No. 25-CV-415 (JGLC), 2025 WL 1591891 (S.D.N.Y. June 5, 2025) …………………..21

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) ……………………12

*Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293 (2d Cir. 2021) ……………………11

*McGuinness v. Lincoln Hall*, 263 F.3d 49 (2d Cir. 2001) ……………………11

*Menaker v. Hofstra Univ.*, 935 F.3d 20 (2d Cir. 2019) ……………………...1

*Menos v. Uncle Nearest, Inc.*, No. 22-CV-1449 (PKC) (PK), 2025 WL 917347 (E.D.N.Y. Mar. 25, 2025) ……………………23

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013) ……………………20

*Mitchell v. Planned Parenthood of Greater N.Y., Inc.*, 745 F. Supp. 3d 68 (S.D.N.Y. 2024) ……………………10

*Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) …………… *Passim*

*Murphy v. Dep't of Educ. of City of New York*, 155 A.D.3d 637 (2017) ……………………13

*Nance v. City of New York*, No. 09-CV-2786 ENV VVP, 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) ……………………21

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ……………..4, 5, 6

*Naumovski v. Norris*, 934 F.3d 200 (2d Cir. 2019) ……………………11

*Nnebe v. City of New York,* 2023 U.S. Dist. LEXIS 16480, at *49 (SDNY 2023) ……………………15

*Nnebe v. City of New York,* No. 22CIV3860VECSLC, 2023 WL 9100339 (S.D.N.Y. Nov. 9, 2023), *report and recommendation adopted,* No. 22-CV-3860 (VEC), 2023 WL 8643801 (S.D.N.Y. Dec. 14, 2023) ……………………15

*Phillips v. Bowen*, 278 F.3d 103 (2d Cir. 2002) ……………………11

*Rinaldi v. Mills*, No. 21-2630, 2022 WL 17480081 (2d Cir. Dec. 7, 2022) ……………………21

*Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000) ……………………..9

*Scott v. Cayuga Cnty. Civ. Serv. Comm'n,* No. 5:24-CV-00802 (BKS/MJK), 2025 WL 472681 (N.D.N.Y. Feb. 12, 2025) ………..……….2, 6

*Smith v. Nat'l Grid USA,* No. 2:21-CV-6899 (NJC) (LGD), 2025 WL 1248676 (E.D.N.Y. Apr. 30, 2025) ……………………18

*Syeed v. Bloomberg L.P.,* 568 F. Supp. 3d 314 (S.D.N.Y. 2021), *vacated and remanded,* No. 22-1251, 2024 WL 2813563 (2d Cir. June 3, 2024) ………………….20

*Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003) ……..….7, 8, 11, 13

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015) …………17, 19, 24

*Wanamaker v. Columbian Rope Co.*, 108 F.3d 462 (2d Cir. 1997) ……………….….8

*Wilkinson v. New York State*, No. 218CV4148PKCLB, 2019 WL 5423573 (E.D.N.Y. Oct. 22, 2019) ……………..……9

*Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834 (2d Cir. 2013) ………………….18

*Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25 (S.D.N.Y. 2019) ……………...3, 4, 5

**<u>Statutes</u>**

42 U.S.C. § 2000e–3(a) ……………...….16

Federal Rules of Civil Procedure 12(b)(6) ………………….…1

New York Executive Law § 296 (NYSHRL) ……………*Passim*

Section 217-a of the CPLR ………………….6

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ………..… *Passim*

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to Defendant Steuben County's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint filed on May 19, 2025 stands for itself and is incorporated herein. Defendant moves to dismiss the Complaint on the basis that some allegations in the Complaint are untimely and asserts that Plaintiff has failed to state a claim upon which relief can be granted. As outlined below, Defendant's motion to dismiss should be denied in its entirety.

## DISCUSSION

### LEGAL STANDARD

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are untimely and that Platiniff failed to state a cause of action. Federal Rules of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss so long as it "contain[s] sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The court must accept all factual allegations as true and draw all inferences in Plaintiff's favor. *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Iqbal*, 556 U.S. 662 at 678 (*internal citations omitted*). Though the Defendant attempts to apply a heightened pleading standard, courts have repeatedly held that there is no "heightened fact pleading of specifics" required, "only enough facts to state a claim of relief that is plausible on its face." (*Twombly,* 550 U.S. 544 at 547). *Iqbal* did not change this standard as Rule 8 does not require "detailed factual allegations." *Iqbal*, 556 U.S. 662 at 678.

Plaintiff responds to each of Defendant's arguments in the order upon which they are presented to the Court.

**RESPONSE TO DEFENDANT'S POINT I**
**PLAINTIFF'S CAUSES OF ACTION ARE TIMELY**

**A. Plaintiff's ADEA and Title VII Claims are Timely**

Defendant incorrectly asserts that the ADEA and Title IV claims are untimely since some of the discriminatory acts alleged are outside of the 300-day statute of limitations window. Plaintiff brings three federal claims: age-related hostile work environment under the ADEA; age discrimination under ADEA; and retaliation under Title VII.

The statue of limitations is an affirmative defense, one in which Defendant bears the burden of proof. *See Scott v. Cayuga Cnty. Civ. Serv. Comm'n,* No. 5:24-CV-00802 (BKS/MJK), 2025 WL 472681, at *4 (N.D.N.Y. Feb. 12, 2025). On a motion to dismiss, courts can only dismiss a complaint on statute of limitations ground if *all* of allegations in the complaint "clearly shows the claim is out of time." *Id.; see also Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999). That is, if certain sufficient facts are timely, Defendant's motion to dismiss must fail. *See e.g. Harris*, 186 F.3d 243 at 250 (holding that dismissal under Rule 12(b)(6) is appropriate at this stage only if the complaint "clearly shows the claim is out of time" and given that the plaintiff demonstrated some discriminatory act did occur within the statute of limitations, his claim was not time barred). Notably, in this case, Defendant acknowledges that there are claims in the Complaint that are plainly timely and made after August 5, 2023 (*see* Dkt. # 8-1 at ¶ 8), as there are many discriminatory acts alleged that occurred after that date and within the 300-day window. *See* Dkt. #1 at ¶ 25-28; ¶ 52; § 64-65; ¶77; ¶119-133. For instance, the Title VII retaliation claims primarily occur after August of 2023 (Dkt #1 at ¶ 119-133). The ADEA claims

are alleged to be continuing in nature, and there are facts that are specifically within the 300 days—specifically: (1) age-related discriminatory comments started in 2019 and continue to date. Dkt # 1 at ¶¶ 25-28; (2) Plaintiff is continually denied overtime opportunities, even up through June of 2024. Dkt. #1 at ¶ 52; and (3) the reassignment in June of 2023 to a less-desirable and more inconvenient job that was supposed to be temporary but became permanent. Dkt. # 1 at ¶¶ 64-77.

Further, Plaintiff has plausibly alleged the continuing violation doctrine for the purpose of the ADEA disparate treatment claim. Any events that occurred before the 300 days prior to filing the EEOC Charge are continuous in nature. "When a plaintiff experiences a continuous practice and policy [that violates his or her rights], ... the commencement of the statute of limitations period may be delayed until the last violation." *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) (*citing Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994). "To qualify as continuing, the claimed actions must not be 'discrete acts,' but 'repeated conduct' that 'occurs over a series of days or perhaps years.'" *Dash v. Bd. of Educ.*, 238 F. Supp. 3d 375, 388 (E.D.N.Y. 2017) (*internal citations omitted*). "Examples of discrete acts, for the purposes of the continuing violation doctrine, include disparate disciplining, negative performance reviews, termination, failure to promote, and denial of a preferred job position." *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 50 (S.D.N.Y. 2019). As for the disparate treatment claim under the ADEA, Plaintiff alleges non-discrete acts. Specifically, he states that beginning on or around 2019, Sergeant Fanzo began making age-related discriminatory comments that continued to date. Dkt. #1 at ¶ 25-26. Shortly after the onset of the discriminatory comments, Plaintiff began to experience adverse employment actions and inferior terms and conditions of his employment:

(1) *continuously* overlooked for internal non-civil service promotions and trainings as compared to his younger peers. It is alleged that this was not a one-time denial—it happened on more than one occasion and it was not until after the filing of the EEOC complaint that he was offered taser training (which was previously never offered). Dkt. #1 at ¶¶ 29; 30-39.

(2) Plaintiff alleges that he was denied overtime/other pay opportunities continually beginning in 2019, around the time the age-based discriminatory comments began. Dkt. #1 at 40-52. Each denial of overtime in and of itself is not a discrete instance as it is a culmination of practices over a period of time.

(3) reassigned and transferred to a less desirable and more inconvenient post as compared to his younger peers, which became permanent in the summer of 2023. Dkt. #1 at 53-68.

Though the continuing violation doctrine is disfavored in this Circuit with regards to the statute of limitations, *see Zoulas*, 400 F. Supp. 3d at 50, "[h]ostile work environment claims are different in kind from discrete acts. Their very nature involves repeated conduct… the 'unlawful employment practice, cannot be said to occur on any particular day. It occurs of a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (discussing motion for summary judgment regarding Title VII claims). So long as acts are part of same hostile work environment and at least one occurred within 300-day period "…the entire time period of the hostile environment may be considered for the purposes of determining liability." *Id.; see also Zoulas,* 400 F. Supp. 3d at 51. As the Complaint alleges at ¶¶ 25-27, Plaintiff began experiencing age-related discriminatory comments starting in 2019, *continuing to*

*date*, and made at least 25 times. Given that this is not a motion for summary judgment, and the standard is whether the claim is plausible, with all inferences in Plaintiff's favor, the hostile work environment allegations are thus timely and must survive a motion to dismiss.

Even assuming, arguendo, that certain facts are time barred as separate, unlawful employment practices, Plaintiff may refer to these time barred acts to support timely claims by providing relevant background evidence to support a timely claim. *Nat'l R.R. Passenger Corp.* 536 U.S. at 102; *Khalil v. State of N.Y.*, 17 Misc. 3d 777, 782 (Sup. Ct. 2007); *Holmes v. Brentwood Union Free Sch. Dist.*, No. CV-03-1084TCPAKT, 2006 WL 1581434, at *10n1 (E.D.N.Y. May 25, 2006) (where ten of eleven promotion denials were time-barred as separate causes of action [on a motion for summary judgment], plaintiff could still use the prior ten denials as evidence of her employer's intent behind the final timely denial).

**B. All New York State Claims are Timely, and the Three-Year Statue of Limitations Period Began on May 31, 2021, not May 19, 2022.**

Defendant asserts that all New York State law claims made before May 19, 2022 are untimely, calculating backwards from three years as of the date of the filing of the Complaint on May 19, 2025. Defendant's calculation is incorrect. While New York State Human Rights Claims have a three-year statute of limitations, "the overwhelming weight of authority within the [Second] Circuit holds that the filing of a charge with the EEOC tolls the statute of limitations for any related claims under the NYSHRL." *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 446 (S.D.N.Y. 2023). Thus, the filing of the Charge on May 31, 2024 tolled Plaintiff's Executive Law § 296 (New York State Human Rights Law or "NYSHRL") claims and, accordingly, any allegations occurring after May 31, 2021 are timely. Hostile work environment claims are a product of repeated conduct and, thus, the entire time period may be

considered. *See e.g. Nat'l R.R. Passenger Corp.*, 536 U.S. at 101. As outlined above, there are numerous allegations made within the 300 days, let alone three years.

As for the allegations of fact occurring in 2019, again, since the Complaint is not on its face clearly untimely, it cannot be dismissed on the basis that certain facts occur outside the statutory window. *See Scott,* No. 5:24-CV-00802 (BKS/MJK), 2025 WL 472681, at *4. Defendant alleges that age-based comments made by his supervisor are untimely because no specific dates were alleged. Defendant ignores that Plaintiff clearly claimed that the comments *began* in 2019, but continued to date, over twenty-five times. Defendant further claims that denial of overtime is untimely if it was alleged prior to May 19, 2022. Not only is Defendant incorrect about the three-year window, even if overtime alleged prior to that date is untimely, the remedy is not a dismissal of the New York State causes of action.

### C. Plaintiff's State Law Claims are Timely

Regarding the NYSHRL claims, Defendant concedes that "Plaintiff filed a complaint with the EEOC, which may operate as a notice to the Defendant of the claims." *See* Dkt. # 8-1 at 5. However, Defendant alleges that regardless of notice, the claims should still be barred due to their untimeliness. Defendant is incorrect in concluding that none of Plaintiff's claims are timely. NYSHRL claims, pursuant to Section 217-a of the CPLR, must occur within one year and ninety days since the action took place. First, it should be noted that the retaliation and hostile treatment towards Plaintiff have not ceased, therefore these acts are ongoing in nature and timely under Section 217-a.

Second, for arguments sake, even setting aside the ongoing retaliatory acts against the Plaintiff, Plaintiff's complaint outlines multiple retaliatory acts that are timely. First, Plaintiff did experience an adverse employment action against him within the 1 year 90 day period for his

involvement in the Jane Doe investigation, such as when Plaintiff was denied overtime in June of 2024 (Dkt. #1 at ¶ 52), and when Plaintiff was forced to redo basic training into July of 2024, (which other employees did not have to do) despite years of positive performance. Dkt # 1 at ¶¶ 121-133. Therefore, Plaintiff has stated timely factual allegations under NYSHRL.

## POINT II
## PLAINTIFF ADEQUATELY PLEADED ALL CAUSES OF ACTION AND THE MOTION TO DISMISS MUST BE DENIED

### A. Plaintiff adequately stated the ADEA cause of action, including that he was subject to materially adverse employment actions.

To state a cause of action under the Age Discrimination Employment Act ("ADEA"), Plaintiff must plead (1) that he is a member of a protected age group; (2) that he is qualified for his position; (3) that he experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). It is not contested that Plaintiff is a member of a protected age group, or that he was qualified for his position. Instead, Defendant alleges that there were no "adverse employment actions" alleged.

An adverse employment action under the ADEA is not defined simply in terms of job termination, reduced wages and benefits; even before the Supreme Court's ruling in *Muldrow v City of St. Louis* in 2024, "less flagrant reprisal by employers may indeed be adverse." *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462 (2d Cir. 1997). "Examples of materially adverse changes include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished

material responsibilities, or other indices ... unique to a particular situation'." *Terry v. Ashcroft*, 336 F.3d 128 at 138 (*internal citations omitted*).

In 2024, the Supreme Court of the United States changed the legal standard for analyzing whether facts amount to an adverse employment action in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). In *Muldrow*, a female Sergeant was transferred and reassigned out of a particular coveted unit and replaced with a male police officer. Though the Sergeants rank and pay remained the same, her "responsibilities, perks, and schedule did not." *Id.* at 346. Instead of working with high-ranking officials, she supervised day-to-day activities of patrol officers and suffered a more irregular, rotating work week schedule. *Id*. The lower District Court granted the defendant's motion for summary judgment, on the basis that the plaintiff needed to show that her transfer effectuated a "significant" change in working conditions producing "material employment disadvantage." The Eighth Circuit affirmed on the basis that the plaintiff could not show that the transfer caused a "materially significant disadvantage." *Id.* at 353. The Supreme Court of the United States reversed and outlined the correct standard for evaluating adverse employment actions. The Supreme Court held that to allege an adverse employment action, including an adverse transfer, the plaintiff "does not have to show... that the harm incurred was 'significant'... [o]r serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar." *Id.* at 355 [*internal citations omitted*]). The standard is simply that Plaintiff need only to show "some injury respecting her employment terms or conditions." *Id.* at 359. That is, "[t]he transfer must have left [plaintiff] worse off, but need not have left [plaintiff] significantly so. *Id.* The Supreme Court held that the plaintiff's transfer "meet the test with room to spare" and remanded the matter to the lower court for further evidentiary analysis. *Id.* at 359-360.

Prior to the *Muldrow* ruling, the Second Circuit's standard in evaluating whether there was an adverse employment action required that the changes to term or condition of employment be "materially adverse." *See e.g. Galabya v. N.Y.C. Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir. 2000)*; see also Muldrow* 601 U.S. at 353 n. 1 (listing "materially adverse" as an example of a standard that impermissibly required a heightened threshold of harm). Following *Muldrow*, the Second Circuit addressed the adverse employment action in the Title VII context in *Back v. Hapoalim,* No. 24-1064-CV, 2024 WL 4746263 (2d Cir. Nov. 12, 2024). In *Back,* the Plaintiff asserted a sex discrimination claim under Title VII. *Id.* at *1. As for the adverse employment action, Plaintiff claimed she was transferred to a less desirable position. *Id.* Prior to *Muldrow*, the district court dismissed the complaint pursuant to Rule 12(b)(6). The Second Circuit reversed, holding that Plaintiff sufficiently alleged an adverse employment action under Title VII that survived a motion to dismiss and remanded the matter. *Id.* at 2. As related to this case, even before *Muldrow*, under the more rigorous standard, "less prestigious assignments could be materially adverse to a reasonable employee." *Wilkinson v. New York State*, No. 218CV4148PKCLB, 2019 WL 5423573, at *13 (E.D.N.Y. Oct. 22, 2019) (*internal citations omitted*); *see also Hodges v. AG of the United States*, 976 F. Supp. 2d 480, 494 (S.D.N.Y. 2013).

*1. Muldrow Applies to ADEA claims*

The courts analyze ADEA claims "under the same framework as claims brought pursuant to Title VII." *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000). Further, District Courts in the Second Circuit have held that (1) *Muldrow* applies to ADEA claims and (2) *Muldrow* is not limited to transfers. *Mitchell v. Planned Parenthood of Greater N.Y., Inc.*, 745 F. Supp. 3d 68, 90 (S.D.N.Y. 2024); *see also Eisenberg v. New York City Dept. of Education,* No. 24-CV-01661 (HG), 2025 WL 2022093 at *11 (E.D.N.Y. July 18, 2025) (applying the *Muldrow* standard and,

though dismissing the ADEA claim, the Court held that opportunity denials, reassignment, and demotions were adverse employment actions, dismissed claims on basis of proximate cause).

In this case, Defendant fails to refer to the proper standard, and inaccurately asserts that there are no adverse employment actions alleged in the Complaint. The Complaint very clearly outlines several adverse employment actions, as briefly summarized in paragraph 29 therein: (1) he was continuously overlooked for internal non-civil service promotions (Dkt. #1 at ¶¶ 30-39); (2) he was denied overtime/other pay opportunities (Dkt. #1 at ¶¶ 40-52); and (3), he was reassigned and transferred to a less-desirable and more inconvenience outpost) (Dkt. #1 at ¶¶ 53-77).

Defendant incorrectly states that Plaintiff "fails to plead the specific comments uttered." Paragraphs 25-27 of the Complaint outline the following:

> 25. Beginning on or around 2019, Sergeant Fanzo began making age-related discriminatory comments to Plaintiff, which continue to date.
>
> 26. For instance, comments included, but were not limited to:
>
> a. "You have been around a long time."
>
> b. "You're fucking old."
>
> c. On several occasions Officers/supervisors stated, "you probably can't even get it up anymore."
>
> d. "you probably have gray pubes," and related discriminatory comments.
>
> 27. Comments like these were made at least 25 times.

These comments are alleged in the Complaint to occur repeatedly and drew a direct temporal link between the discriminatory comments and the adverse employment actions, and were specifically made by a supervisor. *See* Dkt. #1 at ¶ 168; *see also Lively v. WAFRA Inv.*

*Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) *citing Naumovski v. Norris*, 934 F.3d 200, 216 (2d Cir. 2019).

As for the first adverse employment action outlined, Plaintiff very clearly articulates that he was overlooked for *non-civil service* promotions. A decision not to promote, even under the more stringent, older standard, can be considered an adverse employment action. *See Terry v. Ashcroft*, 336 F.3d 128, 139 (2d Cir. 2003); *see also Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002). Specifically, Plaintiff outlines that he was overlooked for a position as a Field Training Officer, which, as stated in the Complaint, upon information and belief, are not subject to Civil Service Law § 61. Defendant ignores the nuances of this promotion and conclusory claims—without specificity—that promotions are governed by Civil Service Law. Plaintiff is not claiming that the promotion was subject to Civil Service Law, as is clearly outlined in the Complaint. Further, Defendant's assertion regarding Civil Service Law is better left to a motion for summary judgment, not the pleading stage.

2. *ADEA Disparate Treatment Claim is Adequate*

"A showing that the employer treated a similarly situated employee differently is 'a common and especially effective method' of establishing a *prima facie* case of discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53 (2d Cir. 2001) (*internal citation omitted*); *see also Doheny v Int'l. Bus. Machines, Corp.,* 714 F. Supp. 3d 342, 361 (S.D.N.Y. 2024). Defendant incorrectly claims that Plaintiff "fails to identify how younger employees were treated better." This is simply not true. The Complaint at paragraphs 35-39 clearly outlines the following:

35. After Sergeant Fanzo became supervisor, and after the age-related discriminatory comments began, officers with less seniority (for instance Officers Hunt, Snyder, and Brown), all of whom were younger and had far less experience than Plaintiff, were selected to be Field Training Officers, and received the associated pay stipend.

36. In addition to being intentionally overlooked as Field Training Officer, after the derogatory comments about Plaintiff's age began, he was overlooked and denied the opportunity to receive taser training in order to carry a taser during his employment.

37. Utilization of a taser provides an additional means of safety and less-lethal enforcement and is desirable for this reason.

38. While all other full-time officers and part-time officers received taser training and were issued tasers, Plaintiff was never offered such training despite his seniority status, until after the filing of the EEOC complaint.

5

39. Several younger, part-time officers were selected to be trained some 2-3 years before Plaintiff.

Paragraph 43 of the Complaint also outlines that overtime was assigned to younger, less experienced part-time employees. Further paragraphs 73-74 outline that Plaintiff was forced to work at the Coning City Court location when two younger, less senior and less experienced Court Officers (who lived closer to that court) were not assigned to that location.

*3. Denial of Overtime*

Defendant incorrectly contends that Plaintiff failed to set forth "a single fact identifying a minimal connection between said employment action and age." Dkt. # 8-1 at ¶. However, "the evidence necessary to satisfy th[e] initial burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is 'minimal'." *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) (*internal citations omitted*). As outlined in the Complaint, Plaintiff specifically alleges that after age-related comments began, adverse employment actions began. Under the circumstances, this gives rise to an inference of discrimination.

**B. Plaintiff adequately stated a claim for hostile work environment because of his age under the ADEA.**

"In order to establish a cause of action alleging hostile work environment under the ADEA, a plaintiff must show that 'the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'." *Murphy v. Dep't of Educ. of City of New York*, 155 A.D.3d 637, 638 (2017) (*citing Terry,* 336 F.3d 128, 147-148). With respect to an individual over the age of 40, the ADEA makes it unlawful for an employer to "discriminate against [the] individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age. *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 41 (2d Cir. 2019). The ADEA prohibits "requiring people to work in a discriminatorily hostile or abusive environment." *Id.* Under the ADEA, "'[a] work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it' because of conduct based on the plaintiff's over-40 age." *Id.* (*internal citation omitted*).

Citing only paragraph 138 of the Complaint, Defendant claims that Plaintiff conclusory pleads that he experienced derogatory comments about his age, and failed to state when they were uttered. As stated above, the Complaint specifically states the types of comments that were uttered, over 25 times, and were continuing. Dkt. # 1 at ¶¶ 25-27. These remarks are not simply "stray remarks" as Defendant contends. *See e.g. Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007) (holding, in part, that a 79 year old adequately stated a claim for continued harassment/hostile work environment when he alleged that several subordinates repeatedly made degrading comments towards him such as "drop dead," "retire early," "take off all that make-up," and "take off your wig"). These remarks were very clearly age, related and repeatedly uttered.

Defendant cites *Adams v. Equinox Holdings, Inc.*, 662 F. Supp. 3d 444 (S.D.N.Y. 2023), *aff'd*, No. 23-608, 2024 WL 1787108 (2d Cir. Apr. 25, 2024) in support of its proposition that "stray remarks" are insufficient evidence to support a case of employment discrimination. It should be noted, however, that *Adams v Equinox* is not a case involved a 12(b)(6) motion, and instead is a motion for summary judgment invoking a much higher standard. Further, as noted in footnote 6 of that decision, that plaintiff listed only two comments made that related to her age, unlike the multiple comments listed in this Complaint and, further, those comments survived a motion to dismiss (though not a motion for summary judgment because that plaintiff never established them as fact). Notably, the remarks in this case were made by Plaintiff's supervisor who had authority over his day-to-day tasks, and once the discriminatory remarks began, so did the adverse employment actions alleged. *See e.g. Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010). Although Defendant tries to isolate incidents and remove context from the discrimination Plaintiff faced, it is clear that Defendant's adverse employment actions against

Plaintiff were rooted in discrimination which was composed of more than just stray remarks, and eventually motivated the retaliation against Plaintiff and loss of desirable working conditions.

Defendant further alleges that reassignment is insufficient to establish a hostile work environment claim. This reassignment is not pled in isolation—it is tied to the discriminatory comments made to Plaintiff by his supervisor. Defendant cites *Nnebe v. City of New York,* 2023 U.S. Dist. LEXIS 16480, at *49 (SDNY 2023) for the proposition that reassignment at work is insufficient to establish a hostile work environment claim. However, notably, in that case, the plaintiff's allegation of reassignment was untethered from her protected characteristics (*id.*) and the plaintiff was permitted to amend her complaint. *See Nnebe v. City of New York,* No. 22CIV3860VECSLC, 2023 WL 9100339, at *3 (S.D.N.Y. Nov. 9, 2023), *report and recommendation adopted,* No. 22-CV-3860 (VEC), 2023 WL 8643801 (S.D.N.Y. Dec. 14, 2023).

Defendant claims that Plaintiff fails to provide "any additional context about specific instances in which younger employees were treated more favorably nor does he identify those employees, their ages or any factual allegations to plausibly meet the standard of alleging a hostile work environment claim because of age" (Dkt. # 8-1 at page 15). As stated above, the Complaint clearly outlines instances in which younger employees (even naming them) were treated better than Plaintiff. Dkt # 1 at ¶¶ 36-39; 43; 73-74.

Defendant claims that as it relates to denial of overtime opportunities, the pleading merely indicates episodic instances. However, the Complaint sets forth that such denial began in 2019, after the discriminatory comments started, and continue to date, including incidents June of 2024. *See* Dkt. #1 at ¶¶ 49-52. While it may be true that one denial of overtime is insufficient, here, the Complaint alleges multiple instances of denied overtime and other income opportunities, despite Plaintiff's seniority. Viewed in totality, the Complaint is sufficient for the

purposes of pleading hostile work environment. *See Alfano v. Costello*, 294 F.3d 365, 379 (2d Cir. 2002) (holding that "[t]here is no fixed number of incidents that a plaintiff must endure in order to establish a hostile work environment; rather, we view the circumstances in their totality, examining the nature, severity, and frequency of the conduct" [*internal citation omitted*]).

Defendant alleges that Plaintiff failed to specify the relationship between the denial of overtime and the age discrimination claim. This is simply false. The Complaint plainly states that the denial of overtime after his Supervisor started making discriminatory comments. Dkt. # 40. These facts give sufficient rise to an inference of discrimination. After reviewing "all of the circumstances" *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993), Plaintiff has adequately stated a cause of action for hostile work environment under the ADEA.

**C. Plaintiff Adequately States a Retaliation Cause of Action**

Title VII makes it unlawful for an employer to discriminate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). "[T]o establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr v. New York City Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023). "Title VII is violated when ' a retaliatory motive plays a part in adverse employment actions toward an employee, whether or not it was the sole cause.'" *Id. citing Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993).

Defendant does not contest that Plaintiff participated in a protected activity known to Defendant. Instead, Defendant claims that the consequences described in paragraphs 113-133 of the Complaint are insufficient to amount to an adverse employment action. The Supreme Court and Second Circuit have held that in the context of a Title VII retaliation claim, an adverse employment action is any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006); *Carr*, 76 F.4th at 179. This definition covers a broader range of conduct than the adverse-action standard for claims of discrimination under Title VII prior to *Muldrow* as "[t]he antiretaliation provision, unlike the substantive [discrimination] provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015); *Burlington*, 548 U.S. at 62-63. The standard is not one of "severe and pervasive," (*Carr,* 76 F.4th at 181) and, instead, is more akin to that of *Muldrow*. "All that is relevant is whether the actions, taken in the aggregate, are materially adverse and would dissuade a reasonable employee from making a complaint of discrimination." *Id*.

> Context matters. The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school-age children. A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination.

*Burlington*, 548 U.S. at 69 (2006).

The Complaint herein describes colleagues calling Plaintiff a rat and ignoring him after he participated in the protected activity; forcing him (and only him) to unnecessarily re-do basic training which lasted six months; forcing him to unnecessarily re-complete firearms training; Defendant, by and through its agents, also made false complaints against Plaintiff which were ultimately unfounded; and Defendant continuously denied Plaintiff overtime/income earning opportunities. Further, the reassignment to City Court in June of 2023 and his ultimate long-term placement in City Court as alleged in the Complaint (much further away from his home, denial of vehicle and milage) is also alleged to be retaliatory. It is respectfully submitted that a reasonable employee would be dissuaded from taking protected action. *See e.g. Smith v. Nat'l Grid USA,* No. 2:21-CV-6899 (NJC) (LGD), 2025 WL 1248676, at *21 (E.D.N.Y. Apr. 30, 2025) (holding that high work load, reprimands and false accusations of performance issues and denial of promotions was conduct that could dissuade a reasonable worker from making or supporting a charge of discrimination under Title VII and would likely deter a person from engaging in such action under NYSHRL); *see also Jones v. Brookhaven Sci. Assocs., LLC*, No. 2:23-CV-04194 (NJC) (ARL), 2024 WL 4145777, at *13 (E.D.N.Y. Sept. 10, 2024) (holding that plaintiff sufficiently alleged that offering a remote work schedule in exchange for withdrawing an EEOC charge was sufficient for prong 3 of the retaliation analysis and further holding that defendant's monitoring of her, unfounded critiques and assigning unnecessary tasks in the aggregate was sufficient under prong 3 of the retaliation analysis).

As for causation, a plaintiff "can indirectly establish a causal connection to support a ... retaliation claim by showing that the protected activity was closely followed in time by the adverse [employment] action." *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001); *see also Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 845

(2d Cir. 2013). The Second Circuit has not drawn a bright-line rule to define the outer limits beyond which a temporal relationship is too attenuated to establish a casual relationship between the exercise of a federal constitutional right and an allegedly retaliatory action. "This has allowed our Court to exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases." *Espinal v Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (*internal citation omitted*) (holding that six months between plaintiff's protected activity and an employer's adverse action was sufficient to establish causation); *see also Vega*, 801 F.3d at 92 (holding that plaintiff sufficiently alleged a causal relationship between his filing and later amending an EEOC charge and his employer's retaliatory actions because the plaintiff alleged that the employer's actions occurred two to three months after the EEOC charge was either filed or amended). The Complaint states that after Plaintiff engaged in the protected activity, colleagues began making comments about him being a rat in response to his participation in the Jane Doe investigation. Dkt. # 1 at ¶¶ 101-102; 113; 119. The consequences of Plaintiff's participation in the Jane Doe investigation on Defendant were significant, and only fully realized once the Steuben County Legislature attempted to repeal its indemnification of the Sheriff in September of 2023 which led to significant litigation. Dkt # 1 at ¶¶ 108-109. Shortly after this, by January of 2024, and while comments about Plaintiff's participation in the investigation were still uttered, Plaintiff was unnecessarily required to re-do basic training unlike any other employee. Dkt # 1 at ¶ 121-124. The timing, alone, is sufficient to establish causation for the purposes of a motion to dismiss.

## PLAINTIFF ADEQUATELY PLEADED CAUSES OF ACTION ARISING UNDER NEW YORK STATE HUMAN RIGHTS LAW

### A. Plaintiff adequately pleaded that he was subject to an adverse employment action under NYSHRL

"Prior to August 19, 2019, the pleading standards were generally the same for Title VII, section 1981, and NYSHRL claims." *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 274 (S.D.N.Y. 2024) *citing Syeed v. Bloomberg L.P.,* 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021), *vacated and remanded,* No. 22-1251, 2024 WL 2813563 (2d Cir. June 3, 2024). "However, on August 19, 2019, the New York legislature amended the NYSHRL, bringing the standard for claims under the NYSHRL closer to that of the NYCHRL for claims that accrued on or after the amendments' effective date of October 11, 2019." *Lee*, 751 F. Supp. 3d at 274-275). Since much of the conduct in the Complaint occurred after October 11, 2019, "…under the NYSHRL, a plaintiff must allege only that the plaintiff was treated 'less well' ... because of a discriminatory intent, i.e., that the unequal treatment was based, at least in part, on a protected characteristic." *Id.* at 275 *citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013) (*internal citations omitted*). The challenged conduct does not need to be tangible, such as hiring and firing, and the discriminatory motive only needs to be one of the motivating factors. *Id.* "In applying this lenient standard, the Court must consider the totality of the circumstances." *Id.* (internal citation omitted).

As with the ADEA, under NYSHRL, "a prima facie case of age discrimination consists of four elements: (1) the plaintiff's membership in a protected class; (2) the plaintiff's qualification for a particular position of employment; (3) an adverse employment action by the defendant employer; and (4) some minimal evidence suggesting an inference that the employer

acted with discriminatory motivation. *Lebowitz v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 158, 170 (E.D.N.Y. 2017).

As for NYSHRL claims, Defendant claims there was no adverse employment action alleged, and in doing so, relies upon an incorrect legal standard. Under NYSHRL, "[a]n adverse employment action must cause an employee to suffer 'some harm respecting an identifiable term or condition of employment'." *Leo v. Siemens Med. Sols. USA, Inc.*, No. 25-CV-415 (JGLC), 2025 WL 1591891 at *4 (S.D.N.Y. June 5, 2025) (*citing and applying Muldrow* 601 US 346 at 354); *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019). "Such a harm need not be significant, or 'serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar'." *Leo*, 25-CV-415 at *4 (*citing Muldrow* 601 US 346 at 355). There simply must be "some disadvantageous change in employment term or condition." *Muldrow* 601 U.S. 346 at 354. Thus, defendant's reference to *Nance v. City of New York*, No. 09-CV-2786 ENV VVP, 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) and *Brannon v. City of New York*, 2016 WL 270399 (S.D.N.Y. 2016) are of no merit.

Defendant claims that the age-based comments are "stray comments." To support this contention, Defendant cites *Rinaldi v. Mills*, No. 21-2630, 2022 WL 17480081 (2d Cir. Dec. 7, 2022) in support of the proposition that such stray comments cannot suffice at the motion to dismiss stage of the proceeding. As an initial matter, *Rinaldi*, is a de novo review of a lower court's award of summary judgment. Further, in *Rinaldi* plaintiff's supervisor is alleged to have made one comment that the plaintiff was not "fitting in" or "catching on." *Id*. This was deemed to be a stray comment, and that supervisor was deemed to be the same person who hired Plaintiff. *Id.* Here, Plaintiff alleged that his Supervisor (who did not hire him) uttered very specific age-related comments more than 25 times. *See* Dkt. #1 at ¶¶ 25-27.

As addressed above in Point I, Defendant incorrectly alleges that Plaintiff conclusory alleged that younger employees were treated more favorably (Dkt. # 8-1 at page). This is simply not the case--the Complaint clearly outlines instances in which younger employees (even naming them) were treated better than Plaintiff. *See* Dkt. #1 at ¶¶ 29; 30-39; 53-68; 73-74.

Defendant contends that Plaintiff fails to set forth any facts specifying how his denied overtime and reassignment to a less desirable location are based on age. Plaintiff clearly outlines that after age-related comments began, adverse employment actions (such as reassignment and denial of overtime) began; this constitutes a temporal link, which is sufficient at this stage in the proceeding. The allegations far exceed the "minimal evidence" standard. Defendant contends that Plaintiff's denial of internal promotions is insufficient because it does not illustrate non-compliance with Civil Service Law. As outlined above, Plaintiff is not contending the promotions are subject to Civil Service Law and Defendant's assertion otherwise is better left to a motion for summary judgment. Plaintiff has clearly set forth disadvantages changes in employment terms and conditions sufficient to meet the lenient standard at this stage of the proceedings.

**B. Plaintiff adequately pleaded that he was subject to a hostile work environment**

As of October 11, 2029, Title VII and Executive Law § 296(1)(a) are no longer the same when analyzing whether a plaintiff has been subjected to a hostile work environment. NYSHRL eliminated the severe and pervasive standard and now a plaintiff need only allege that he was subjected to "inferior terms, conditions or privileges of employment because of the individual's membership in one or more ... protected categories." N.Y. Exec. Law §§ 296(1)(h); *Alford v. NFTA-Metro*, No. 21-CV-737-JLS-LGF, 2025 WL 1885679, at *10 (W.D.N.Y. Apr. 11, 2025), *report and recommendation adopted,* No. 21-CV-737 (JLS) (LGF), 2025 WL 1779101 (W.D.N.Y. June 27, 2025). "Accordingly, '[t]o make out a hostile work environment claim, a

plaintiff must allege that she or he has been subjected to inferior terms, conditions, or privileges of employment because of his or her protected status under the [amended] NYSHRL… or she or he has been treated less well than other employees because of her or his protected status." *Id.*

In this case, Plaintiff's age-based hostile work environment claim arises from a series of conducts, including specific age-based comments as outlined in Dkt. # 1 at ¶¶ 25-27. These included stated such as "You're fucking old" and "you probably can't even get it up anymore." These comments were more than just a single incident of a disparaging remark and, after the comments began, Plaintiff began to experience inferior terms, conditions, and privileges of employment such as being overlooked for internal non-civil service promotions, denied overtime pay/other pay opportunities, and reassignment/transfer to less desirable and more inconvenient work locations.

### C. Plaintiff adequately pleaded that he was subject to retaliation

To establish a prima facie case of retaliation, the plaintiff must show that: (1) he was engaged in an activity protected under Title VII; (2) his employer was aware of his participation in the protected activity; (3) the employer took adverse action against his; and (4) a causal connection existed between the protected activity and the adverse action." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000); *see also Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412. 459 (S.D.N.Y. 2023). After the 2019 NYSHRL amendments, caselaw in this Circuit suggests that a "more permissive standard under NYCHRL should be applied to NYSHRL retaliation claims" as compared to that of Title VII. *Menos v. Uncle Nearest, Inc.*, No. 22-CV-1449 (PKC) (PK), 2025 WL 917347, at *16 (E.D.N.Y. Mar. 25, 2025); *Smith*, No. 2:21-CV-6899 (NJC) (LGD), 2025 WL 1248676, at *20; *Arazi v. Cohen Bros. Realty Corp.*, No. 1:20-CV-8837-GHW, 2022 WL 912940, at *16 (S.D.N.Y. Mar. 28, 2022)

(applying the NYCHRL's "more liberal pleading standard" to NYSHRL retaliation claim on a motion to dismiss). "Moreover, "[i]n determining whether conduct amounts to an adverse employment action, the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently substantial in gross as to be actionable." *Garrison v. Am. Sugar Ref., Inc.*, No. 21 CV 10917 (VB), 2022 WL 17850891, at *10 (S.D.N.Y. Dec. 22, 2022) (*citing Hick v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010).

For purposes of a retaliation claim, causation can be established: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus against the plaintiff by the defendant." *Gordon*, 232 F.3d at 117. Though plaintiff must establish that there was "but-for" causation, the plaintiff need not prove "that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Vega*, 801F.3d at 90-91 (internal citations omitted); *see also Gordon-Mallett v. Mount Sinai Hosps. Grp., Inc.*, No. 22-CV-1159 (LJL), 2024 WL 1513910, at *18 (S.D.N.Y. Apr. 8, 2024).

Defendant does not contest that Plaintiff has plausibly alleged prong one and two. Defendant alleges that Plaintiff failed to set forth adverse employment actions that were causally connected to the protected activity. As set forth in Section II C of this Memorandum of Law, which is incorporated herein, Plaintiff has met its burden under the more permissive New York State Human Rights Law.

## CONCLUSION

WHEREFORE it is respectfully requested that this Court deny Defendant's motion in its entirety and such other and further relief that is just and proper.

DATED: Ithaca, New York

August 4, 2025

*/s/ Aubrey D. Hetznecker*
AUBREY D. HETZNECKER, ESQ.
SCHLATHER, STUMBAR, PARKS & SALK, LLP
Attorneys for Plaintiff
200 East Buffalo Street
P. O. Box 353
Ithaca, New York 14851
(607) 273-2202

**CERTIFICATE OF SERVICE**

I, Aubrey D. Hetznecker, certify that on August 4, 2025, that a copy of the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint was served on the following parties CM/ECF Filing:

ROEMER WALLENS GOLD & MINEAUX, LLP
Attorneys for Defendant
Earl T. Redding, Esq.
Nicholas Anyaegbunam, Esq.
13 Columbia Circle
Albany, New York 12203

Dated: August 4, 2025

*/s/ Aubrey D. Hetznecker*
AUBREY D. HETZNECKER, ESQ.
SCHLATHER, STUMBAR, PARKS & SALK, LLP
Attorneys for Plaintiff
200 East Buffalo Street
P. O. Box 353
Ithaca, New York 14851
(607) 273-2202